[No. 6005. Decided March 15, 1906.]

J. P. BUELL, *Respondent,* v. CAROLINE BUELL, *Appellant.*[1]

DIVORCE—ABANDONMENT—EVIDENCE—SUFFICIENCY. The findings of the trial court in granting the husband a divorce on the ground of abandonment will not be disturbed on appeal where it appears that the wife refused to live with him, although often requested to do so, giving as a reason that he could not properly provide for her and that she did not feel safe by reason of his bad treatment of her; especially when the trial judge had the advantage of seeing the parties and witnesses.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered February 28, 1905, upon findings in favor of the plaintiff granting a divorce, after a trial before the court without a jury. Affirmed.

*A. H. Gregg* and *Moore & Husbands,* for appellant.

*Del Cary Smith,* for respondent.

PER CURIAM.—Respondent and appellant had been married for many years, during which period they had occasional difficulties. After one of these disagreements, appellant told respondent to leave the house, take his trunk, and not return; and stated to him that she would not again live with him. They were then living in Spokane. Subsequently respondent obtained employment at Liberty Lake, some distance from Spokane, and requested appellant to go there and reside with him. She refused, and has continuously since refused to do so, claiming that she did not think he was able to properly take care of her, and that she was afraid to live with him in the absence of some of her children. Respondent brought this action for divorce upon the ground of abandonment. The trial court made findings of fact and conclusions of law in his favor, and a decree granting him a divorce was thereupon entered. From this an appeal is taken.

[1]Reported in 84 Pac. 821.

It is admitted that appellant told respondent she would not again live with him, and that she has continually ever since refused to live with him. There was evidence of disagreements and quarrels at various times throughout a period of many years. She testified that he had repeatedly struck her, and that he had abused her in many ways. He denied this emphatically.

It is doubtless the law that the husband has the right to choose the domicile for the family, and that it is the duty of the wife to accompany and live with him in the home thus selected, unless there be good reasons for her not so doing. In this case the only reason assigned by appellant for not living with respondent was that she did not think he could properly provide for her, and that by reason of his bad treatmen of her theretofore she did not feel safe in living with him in a locality where members of her family were not near at hand. . They had several children, all grown. As to whose fault their frequent disagreements were attributable was a question of fact to be determined upon conflicting testimony, as were also the questions of his alleged mistreatment of her, and of his ability to properly support her. We do not think the respondent made out a strong case; but the trial judge had the advantage of seeing the parties and their witnesses, of hearing them testify, and of observing their demeanor upon the witness stand, and was in a better position to determine the facts than are we. For this reason the majority of the court feel that the judgment of the superior court should be affirmed, and it is so ordered.